LOUIS P. PETRICH (State Bar No. 38161)
DONALD R. GORDON (State Bar No. 089741)
JAMIE LYNN FRIEDEN (State Bar No. 229450)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: lpetrich@lpsla.com; dgordon@lpsla.com; jfrieden@lpsla.com

Attorneys for Defendants
STARZ ENTERTAINMENT, LLC, OVERTURE FILMS, LLC
RUSSELL GEWIRTZ, JON AVNET, STARZ MEDIA, LLC,
NU IMAGE/MILLENNIUM FILMS, BEST BUY CO., INC.,
and BLOCKBUSTER INC.

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 27 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KERRY M. VINE,<br><br>Plaintiff,<br><br>v.<br><br>STARZ ENTERTAINMENT LLC, OVERTURE FILMS, RUSSELL GEWIRTZ, JON AVNET, STARZ MEDIA LLC, NU IMAGE/MILLENNIUM FILMS, BESTBUY CO., INC., BLOCKBUSTER, INC., MERSCOM LLC, TIME WARNER, INC. AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | **CASE NO. CV-09-1600 ODW (AGRx)**<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION** |

Plaintiff KERRY M. VINE and defendants STARZ ENTERTAINMENT, LLC, OVERTURE FILMS, LLC, RUSSELL GEWIRTZ, JON AVNET, STARZ MEDIA, LLC, NU IMAGE/MILLENNIUM FILMS, BEST BUY CO., INC., and BLOCKBUSTER INC., individually each a "Party" and collectively the "Parties," by and through their counsel of record, hereby stipulate as follows:

WHEREAS, the Parties may, in the course of initial disclosures, discovery or otherwise, produce documents and/or information that may contain and embody trade secrets or other confidential, private and/or proprietary information as provided by law;

WHEREAS, the Parties may serve certain non-parties with subpoenas for business records that require the production of documents that may contain and embody trade secrets or other confidential, private and/or proprietary information as provided by law;

NOW, THEREFORE, in order to facilitate the fair and efficient completion of pretrial discovery while at the same time protecting the parties' and non-parties' rights in the confidential material and minimizing the need for judicial intervention in the discovery process, the Parties have agreed to the following terms and conditions:

1. This Stipulation and Protective Order shall apply to all documents and information provided by the Parties to this action and marked as "Confidential" pursuant to Paragraph 3 hereof or, as to a narrower category of documents, marked as "Confidential - Attorneys' Eyes Only" pursuant to Paragraph 7 hereof. This Stipulation and Protective Order shall also apply to all documents produced in response to subpoenas for business records served on non-parties and marked as "Confidential" pursuant to Paragraph 3 hereof. Such material and information derived therefrom, after designation pursuant to Paragraph 3 or Paragraph 7 hereof, is referred to hereinafter collectively as "Confidential Material." As used herein, the term "Providing Person" shall mean the party or non-party producing documents in response to a demand for documents between the parties or a subpoena for business records, and the term "Receiving Party" shall include all parties to whom the production of such Confidential Material is made. This Stipulation and Protective order shall not govern the filing of documents in trial proceedings.

2. All Confidential Material given or exchanged in this action shall be used

solely for the purposes of this action and for no other purpose whatsoever. Nothing in this Stipulation and Protective Order is intended to or has the effect of diminishing any party's independent contractual obligations of confidentiality.

3. The Providing Person may designate any document, material, or information as Confidential Material if it believes in good faith that such document, material, or information is of a confidential, private and/or proprietary nature and is not available to the public.

4. A Providing Person that produces Confidential Material but inadvertently fails to mark an item as "Confidential" or "Confidential-Attorneys' Eyes Only" may correct this failure immediately after the error is noted by notifying the Receiving Party in writing, accompanied by substitute copies of each item, appropriately marked.

5. Unless and until the Court rules to the contrary or the Providing Person agrees otherwise, information designated as "Confidential" may be disclosed only to the following persons:

    a. Outside counsel for any Party and their associates, paralegals, clerical, or support staff;

    b. The Parties and their current or former employees, agents, officers, partners, directors, and representatives, provided, as to former employees, agents, officers, partners, directors, or representatives, that counsel for the Party seeking to disclose such Confidential Material shall only disclose such information to the extent reasonably necessary for such person to work on the case and counsel shall have caused the former employee, agent, officer, partner, or representative to sign an undertaking in the form of Exhibit A hereto;

    c. Non-party deponents or hearing witnesses and their counsel in preparation for and/or during depositions or pretrial hearings in this action, provided that counsel for the Party seeking to disclose such

Confidential Material shall have caused the deponent or witness to sign an undertaking in the form of Exhibit A hereto;

    d. The Court and its personnel, including court reporters and trier(s) of fact;

    e. Independent consultants or experts, including their support personnel, who have been retained by a Party or counsel of record in this litigation for purposes of assisting in this litigation or to serve as an expert witness in this case, provided that counsel for the Party seeking to disclose such Confidential Material shall have caused such persons to sign an undertaking in the form of Exhibit A hereto; and

    f. Such other persons as the Providing Person and the Parties may agree in writing or as may be ordered by the Court.

    6. No copies of documents containing unredacted Confidential Material may be filed with the Court unless otherwise agreed to by the Parties or ordered by the Court in response to a formal application by a Party for an order permitting it to file documents containing Confidential Material under seal. The purpose of this Paragraph 6 is to confirm that (i) the Parties understand and agree that a Party may file with the Court copies of documents containing redacted Confidential Material in those instances in which that Party does not believe it necessary to disclose to the Court the Confidential Material, and (ii) the Parties understand that they may only file unredacted documents containing Confidential Material if such documents are filed under seal pursuant to an order from the Court permitting it to file such documents under seal. Only those portions of any such Confidential Records containing Confidential Material shall be considered Confidential Material. Nothing herein shall prevent the Party filing the documents containing Confidential Material from objecting to the designation of such materials as Confidential Material. Notwithstanding anything contained in this Stipulation and Protective Order, no such

confidentiality shall apply to trial proceedings except as required by the Court at that time.

7. For the purpose of this Stipulation and Protective Order, the Parties acknowledge that certain financial documents and information produced in the course of discovery relating to the production, distribution and marketing of the 2008 motion picture RIGHTEOUS KILL may be particularly sensitive and confidential. This information includes detailed financial records and transactional terms relating to RIGHTEOUS KILL revenues and expenses, including bank account records, third-party statements, general ledger detail and supporting backup, negotiated terms of distribution and production contracts, information revealing personal income information of individuals, and other confidential information, such as Defendants' trade secrets, or Defendants' financial information not generally known in the film industry. The Parties agree that, prior to production of any such documents, this specific category of documents shall be specially designated "Confidential – Attorneys' Eyes Only," which designation shall be made by adding a "Confidential – Attorneys' Eyes Only" legend to each page of every document containing such financial information. Information designated "Confidential – Attorneys' Eyes Only" shall be used solely for the purpose of this litigation, and may only be disclosed to the following persons:

    a. Outside counsel for any Party and their associates, paralegals, clerical, or support staff;

    b. The Court and its personnel;

    c. Damages experts who have been retained by a Party or counsel of record in this litigation for purposes of assisting in this litigation or to serve as an expert witness in this case, provided that counsel for the Party seeking to disclose such Confidential Material shall have caused such persons to sign an undertaking in the form of Exhibit

A hereto;

d. Plaintiff Kerry Vine, for the duration that he is representing himself *pro per* in this litigation;

e. Such other persons as the Providing Person and the Parties may agree in writing or as may be ordered by the Court.

Any documents designated "Confidential – Attorneys' Eyes Only" may only be filed with the Court in redacted form, such that the financial information contained in such documents is not revealed, unless the Court enters an order permitting such documents to be filed under seal.

8. Nothing in this Stipulation and Protective Order shall be construed as a waiver of the right of any Party or non-party to object to any discovery, or to the taking or the admissibility of any testimony or other evidence, where such objection is based on a ground or grounds other than that the discovery, testimony, or evidence involves the production of Confidential Material. Nothing herein shall be construed as an agreement that any Confidential Material shall be withheld or excluded from evidence in any proceeding in this case.

9. The acceptance by a Party of Confidential Material or its handling of such materials as required by this Stipulation and Protective Order shall not constitute an admission or concession or permit an inference that the Confidential Material is, in fact, confidential, private and/or proprietary. No Party shall be obligated to challenge the propriety of any designation by any other Party or witness of material as Confidential Material, and the failure to do so shall not constitute a waiver of or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations. This Stipulation and Protective Order shall not foreclose a Party from moving for an order re-designating the Confidential Material.

10. This Stipulation and Protective Order shall not prevent a Party or nonparty from applying to the Court for relief therefrom, or from applying to the Court for

further or additional protective orders. Nor shall this Stipulation and Protective Order in any way affect the obligations of any Party to comply with the terms of a subpoena or other compulsory process.

11. Within sixty (60) days after the final termination of this action, or such longer period of time as the Parties may agree in writing, whether by judgment (including any appellate proceedings), settlement, or otherwise, counsel for the Receiving Party shall either return all copies of documents containing Confidential Material to counsel for the Providing Person or destroy such copies and certify the destruction to counsel for the Providing Person. Notwithstanding the foregoing, outside counsel of record for the Receiving Party may retain for its archives (i) one or more full sets of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits and other papers filed in this action; (ii) one or more sets of transcripts of all testimony taken at any depositions, hearings or trial (with exhibits); and (iii) all of its own work product generated in connection with this action.

12. The restrictions on the access to and use of Confidential Material set forth in this Stipulation and Protective Order shall survive any potential remand of this action to state court.

13. The restrictions on the access to and use of Confidential Material set forth in this Stipulation and Protective Order shall also apply to all documents produced by the Parties and marked "Confidential" prior to the entry of this Stipulation and Protective Order, and shall also survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purposes of enforcing or resolving disputes with respect to this Stipulation and Protective Order.

SO STIPULATED AND AGREED

DATED: June 18, 2009

_____
KERRY M. VINE
Plaintiff *In Pro Per*

DATED: June 19, 2009

_____
LOUIS P. PETRICH
DONALD S. GORDON
JAMIE LYNN FRIEDEN
LEOPOLD, PETRICH & SMITH
A Professional Corporation
Attorneys for Defendants
STARZ ENTERTAINMENT, LLC,
OVERTURE FILMS, LLC, RUSSELL
GEWIRTZ, JON AVNET, STARZ
MEDIA, LLC, NU IMAGE/
MILLENNIUM FILMS, BEST BUY CO.,
INC., BLOCKBUSTER INC.

IT IS SO ORDERED:

Dated: Aug. 27, 2009     _____
                          Alicia G. Rosenberg
                          **MAGISTRATE JUDGE**

---

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

8

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION

# EXHIBIT A

UNDERTAKING OF _____

I, _____ declare:

1. I have received a copy of the Stipulation and Protective Order entered in Kerry K. Vine v. Starz Entertainment LLC, et al., Case No. CV-09-1600 ODW (AGRx). I have carefully read and understand all of the provisions of the Stipulation and Protective Order.

2. I agree to be bound by all of the provisions of the Stipulation and Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Protective Order, and will not copy or use except for purposes of this action, any information designated "Confidential Material" which I receive in this action.

3. I hereby consent to the jurisdiction of the Court in this matter for the purpose of enforcing the Stipulation and Protective Order.

Executed this ___ day of _____ 200_, at _____
_____.

By:_____